# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MONIQUE SMITH,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**BRYAN W. CANNON, et al.,**<br><br>       **Defendants.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No. 2:11-cv-283-PMW**<br><br><br>**Magistrate Judge Paul M. Warner** |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Bryan W. Cannon, et al.'s (collectively, "Defendants") motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 10.

[2] *See* docket no. 6.

## BACKGROUND

The following facts are taken from Monique Smith's ("Plaintiff") complaint. Plaintiff is the owner of real property in Draper, Utah. Meridias Capital, Inc. is the original lender of the trust deed recorded against the property. Equity Title Agency was the original trustee of the trust deed. Mortgage Electronic Registration Systems, Inc. ("MERS") is the "nominee" of the trust deed. In September 2008, Bryan W. Cannon was appointed as successor trustee of the trust deed. In the same month, Mr. Cannon filed a notice of default with the Salt Lake County Recorder's office, and MERS assigned the mortgage and note to Citimortgage, Inc. In October 2008, Citimortgage, Inc. assigned the mortgage and note to Arch Bay Holdings, LLC.

Plaintiff asserts that because the "note was assigned to entities other than MERS, which holds the [original] trust deed, a split of the note and trust deed has occurred and therefore the latter is a nullity."[3] Based on that assertion, Plaintiff has alleged one cause of action for quiet title and has indicated that she will file a lis pendens in connection with this case.

## LEGAL STANDARD

Defendants' motion seeks dismissal of Plaintiff's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'r*, 633 F.3d 1022, 1025 (10th Cir. 2011).

---

[3] Docket no. 4.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Plaintiff's entire complaint is based on the theory that a split of the note and the trust deed has occurred. That theory has been repeatedly rejected by this court. *See, e.g.*, *Christensen v. D Land Title*, No. 2:11-cv-205-DS, 2011 WL 2312560, at *2 (D. Utah June 8, 2011); *Webb v. Stearns Lending, Inc.*, No. 2:11-cv-159-TS, 2011 WL 2014886, at *1 (D. Utah May 23, 2011); *Witt v. CIT Group/Consumer Fin. Inc.*, No. 2:10-cv-440-TS, 2010 WL 4609368, at *4 (D. Utah Nov. 5, 2010); *Marty v. Mortgage Elec. Registration Sys.*, No. 1:10-cv-33-CW, 2010 WL 4117196, at *6 (D. Utah. Oct. 19, 2010); *King v. Am. Mortgage Network, Inc.*, No. 1:09-cv-162-DAK, 2010 WL 3516475, at *3 (D. Utah Sept. 2, 2010); *Rodeback v. Utah Fin.*, No. 1:09-cv-134-TC, 2010 WL 2757243, at *4 (D. Utah July 13, 2010); *Burnett v. Mortgage Elec. Registration Sys., Inc.*, No. 1:09-cv-69-DAK, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009). The court adopts the reasoning set forth by this court's long line of precedent on that issue and concludes that dismissal of Plaintiff's complaint is appropriate.

As part of their motion to dismiss, Defendants request that the court order the release of any lis pendens filed by Plaintiff in connection with this action. The court should order such a

release if "the court finds that [Plaintiff] has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice." Utah Code § 78B-6-1304(2)(b). The court has concluded that all of Plaintiff's claims in this case fail. Accordingly, Plaintiff has no basis for a lis pendens, and any such lis pendens that has been filed in connection with this action shall be released. *See id*.

<u>**CONCLUSION**</u>

In summary, **IT IS HEREBY ORDERED:**

1.      Defendants' motion to dismiss[4] is **GRANTED** and Plaintiff's complaint is dismissed with prejudice.

2.      Any lis pendens Plaintiff has filed in connection with this action shall be released.

**IT IS SO ORDERED**.

DATED this 26th day of July, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 6.